UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ANDRE TREVONE HARRIS,

              Petitioner,

    v.

WARREN L. MONTGOMERY,

Warden,

              Respondent.

Case No. 5:21-cv-00674-MRA-SHK

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Second Amended Petition ("SAP"), the relevant records on file, and the Report and Recommendation ("R&R") of the United States Magistrate Judge. The Court has engaged in de novo review of those portions of the R&R to which Petitioner has objected.

The Report recommends denial of the SAP and dismissal of this action with prejudice. (ECF No. 34.) As explained below, Petitioner's Objections to the Report (ECF No. 38) do not warrant a change to the Report's findings or recommendation.

Petitioner objects that he is entitled to relief on his claim that hearsay evidence was erroneously admitted in violation of the Confrontation Clause. (ECF No. 38 at 2-3.) This objection does not overcome the Report's analysis that the California Court of Appeal's rejection of this claim was not objectively unreasonable. (ECF

No. 34 at 20-21.)  Admission of the evidence, relating to Petitioner's gang tattoo, was harmless beyond a reasonable doubt because other ample evidence established the gang rivalry that was presented as the motive for the shootings.  (ECF No. 27-Ex. 20 at 17.)  Moreover, the verdict of second-degree, rather than first-degree, murder suggests the jury relied on the gang evidence as proof of a more general theory of a gang rivalry rather than as proof of specific targeting of the victim.  (*Id*. at 17-18.)  Because ample other evidence supported this general theory, the admission of the hearsay evidence regarding the gang tattoo was of minimal significance.  (*Id*. at 18.)

Petitioner objects that he is entitled to relief on his claim that extraneous offense evidence was erroneously admitted.  (ECF No. 38 at 3-5.)  This objection does not overcome the Report's analysis that due process was not violated because the evidence, relating to Petitioner's commission of a May 2016 rival gang assault in jail, was subject to permissible inferences by the jury, such as a pattern of gang activity.  (ECF No. 34 at 24-25.)  *See Kipp v. Davis*, 971 F.3d 939, 956 (9th Cir. 2020) (explaining there is "no due process violation where there *were* permissible inferences that the jury could draw from the challenged evidence").

Petitioner objects that he is entitled to relief on his claim that evidence of his self-incriminating telephone call was erroneously admitted because he was denied an opportunity to present other evidence providing context for that call.  (ECF No. 38 at 5-6.)  This objection does not overcome the Report's analysis that the California Court of Appeal's rejection of this claim was not objectively unreasonable.  (ECF No. 34 at 28.)  The excluded evidence, in which Petitioner denied involvement in the shootings, did not provide context or clarification for his initial self-incriminating telephone call, but rather was contradictory and self-serving, and generated only after Petitioner became aware the police believed his earlier statements were incriminating.  (ECF No. 27-20 at 26.)  Moreover, as the

Report found, Petitioner points to no clearly established federal law standing for the proposition that the exclusion of this type of evidence violates a criminal defendant's right to present a defense.  (ECF No. 34 at 28.)

Petitioner objects that he is entitled to relief on his claim concerning an erroneous "kill zone" theory of liability jury instruction.  (ECF No. 38 at 6-7.)  This objection does not overcome the Report's determination that the provision of the instruction was harmless error.  (ECF No. 34 at 32-34.)  The prosecutor's closing argument relied on a permissible theory of attempted murder rather than a kill zone theory, and it did not appear from the evidence that the jury relied on a kill zone theory in finding Petitioner guilty of attempted murder.  (*Id.*)

Petitioner objects that he is entitled to relief on his claim that counsel was ineffective for failing to investigate tampering of the crime scene.  (ECF No. 38 at 7-8.)  This objection does not overcome the Report's analysis that the California Court of Appeal's rejection of this claim was not objectively unreasonable.  (ECF No. 34 at 36-37.)  Petitioner presented no evidence of tampering of the crime scene. (ECF No. 27-28 at 5.)

Petitioner objects that he is entitled to relief on his claim that counsel was ineffective for failing to effectively object to bad acts evidence.  (ECF No. 38 at 8-9.)  This objection does not overcome the Report's analysis that the California Court of Appeal's rejection of this claim was not objectively unreasonable.  (ECF No. 34 at 38-39.)  The bad acts evidence related to a shooting that targeted the murder victim's house three weeks before the fatal shooting.  (ECF No. 27-28 at 5-6.) Petitioner did not submit a declaration from counsel as to why he did not object to the evidence.  (*Id.* at 6.)  Moreover, counsel reasonably might have determined that an objection to the evidence would have been futile: the evidence was relevant to the prosecutor's theory that the murder was part of an ongoing gang rivalry, and it also

was relevant to prove a gang motive for the fatal shooting of the victim at the apartment complex weeks later.  (*Id.*)

Petitioner objects that he is entitled to relief on his claim that counsel was ineffective for failing to utilize an exculpatory dying declaration.  (ECF No. 38 at 9-10.)  This objection does not overcome the Report's analysis that the California Court of Appeal's rejection of this claim was not objectively unreasonable.  (ECF No. 34 at 39-40.)  Petitioner has not presented any evidence of an exculpatory dying declaration.  (ECF No. 27-28 at 8.)

The Court accepts the findings and recommendation of the Magistrate Judge.

IT IS THEREFORE ORDERED that the SAP is DENIED and that Judgment be entered DISMISSING this action with prejudice.

Dated: September 29, 2024

_____
HON. MÓNICA RAMÍREZ ALMADANI
United States District Judge